UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY M. THOMAS,

    Plaintiff,

v.                                                CASE NO.: 8:12-cv-2026-T-23TBM

STATE FARM MUTUAL AUTOMOBILE
INS. CO.,

    Defendant.
                                      /

## **ORDER**

Jimmy Thomas seeks (Doc. 2) insurance benefits from State Farm for injuries Thomas allegedly suffered in an automobile collision with an underinsured motorist. Thomas seeks "[m]ore than Fifteen Thousand Dollars." State Farm removes (Doc. 1) under 28 U.S.C. § 1332(a) based on diversity of citizenship.

State Farm argues that Thomas' response to a request for admissions establishes jurisdiction; Thomas admitted that he seeks more than $75,000, exclusive of interest and costs.

State Farm removes under the second paragraph of 28 U.S.C. § 1446(b), which allows a defendant to remove after receipt from the plaintiff of a "paper" showing that federal jurisdiction exists. A defendant removing under the second paragraph of Section 1446(b) cannot establish federal jurisdiction without providing facts – not just legal conclusions – that establish federal jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007); *see also Williams*, 269 F.3d at 1319-20. Thomas'

discovery admission states a mere conclusion that enjoys no factual support in the notice of removal or in the complaint.  Therefore, the requisite amount in controversy remains unestablished.  *See Parrish v. Sears, Roebuck and Co.*, 2010 WL 3042230 (M.D. Fla. 2010); *Thibodeaux v. Paccar, Inc.*, 592 F.Supp.2d 1377, 1379 n.1 (M.D. Ala. 2009); *see also* 14AA Wright & Miller, *Federal Practice and Procedure* § 3702 (2011) ("the plaintiff and the defendant are not free simply to agree that the jurisdictional amount requirement has been satisfied").  The complaint categorizes Thomas' purported grievances, including pain and suffering, medical expenses, physical impairment, reduced ability to work, and permanent injury; but these categorical assertions of loss reside in almost every tort complaint, convey no *fact*, and certainly establish no amount in controversy.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006).  The amount in controversy is established by the display of a computation that evidences more than $75,000 in controversy.

   This action is **REMANDED** under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  The clerk is directed to (1) mail a certified copy of this order to the clerk of the Circuit Court for Pinellas County, Florida, (2) terminate any pending motion, and (3) close the case.

   ORDERED in Tampa, Florida, on September 17, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE